UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-0039 |
| VERSUS | JUDGE DONALD E. WALTER |
| DARREN B. WILLIAMS | MAGISTRATE JUDGE HORNSBY |

---

### MEMORANDUM ORDER

Before the Court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, filed by Petitioner Darren B. Williams ("Williams"). See Record Document 92. The Government has filed an opposition. See Record Document 97. For the reasons assigned below, Williams's motion is **DENIED.**

### BACKGROUND

On November 10, 2021, after pleading guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), Williams was sentenced to probation for a term of four years. See Record Documents 47, 50, 67. On April 28, 2022, Defendant's probation was revoked, and he was resentenced to seventy-four months of imprisonment.[1] See Record Documents 79, 82. Williams appealed, and the Court of Appeals for the Fifth Circuit affirmed the sentence.[2] See Record Documents 83, 88.

---

[1] Court documents reveal that during his probation period, Williams was arrested by Bossier City Police Department and charged with aggravated assault with a firearm, reckless operation, and failure to pay child support. See Record Document 71 at 1. Additionally, Williams failed twice a mandatory urinalysis and tested positive for methamphetamine use. See id. at 1-2. During the revocation hearing, Williams conceded to the charges and illegal use of methamphetamine. See Record Document 91-1 at 3.

[2] Williams appealed the 74-month, above-guidelines sentence, arguing that it was substantively unreasonable and greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). See United States v. Williams, No. 22-30292, 2022 WL 16707062, at *1 (5th Cir. Nov. 4, 2022).

On October 6, 2023, Williams filed the instant motion, arguing that the district court abused its discretion in resentencing him and that his appellate counsel, Betty L. Marak ("Marak"), was ineffective for applying the wrong standard of review on appeal when challenging Williams's sentence. See Record Documents 92 at 4 and 92-1 at 3. The Government contends that Williams's motion should be denied as non-meritorious, because the issue has been resolved on the appeal and his counsel argued under the appropriate standard of review applicable to probation revocation sentences. See Record Document 97 at 7.

## LEGAL STANDARD

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotations omitted). Specifically, a convicted defendant may file a motion under Section 2255 to (1) allege constitutional issues; (2) challenge the district court's jurisdiction to impose the sentence; (3) challenge the length of a sentence in excess of the statutory maximum; and (4) allege that the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255(a). "[A] claim of ineffective assistance of counsel is properly made in a § 2255 motion because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal." United States v. Bass, 310 F.3d 321, 325 (5th Cir. 2002) (citing United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992)). "To obtain relief on a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) counsel's conduct was constitutionally

---

In affirming this Court's judgment, the Court of Appeals held that Williams's argument did not demonstrate an abuse of the district court's sentencing discretion, because it was imposed within the statutory maximum. See id.

deficient because it fell below an objective standard of reasonableness, and (2) this deficient performance prejudiced his defense." Bass, 310 F.3d at 325 (citing Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052 (1984)). The movant bears the burden of proof. See Strickland at 692, 104 S. Ct. at 2067. Self-serving conclusory statements that the outcome would have been different "fall [ ] far short of satisfying Strickland's prejudice element." Sayre v. Anderson, 238 F.3d 631, 635 (5th Cir. 2001). Because both prongs of Strickland must be satisfied, a court may reject an ineffective assistance of counsel claim upon an insufficient showing of either deficient performance or prejudice, without inquiry into the other prong. See Strickland, 466 U.S. at 697, 104 S. Ct. at 2069. Claims of ineffective assistance of appellate counsel are reviewed under the same two-prong Strickland standard as claims of ineffective assistance of trial counsel, as described above. See Blanton v. Quarterman, 543 F.3d 230, 240 (5th Cir. 2008).

## ANALYSIS

Williams claims to have been ineffectively represented during appeal because his attorney failed to challenge this Court's resentencing determination using the abuse of discretion standard of review.[3] See Record Document 92-1 at 3-4. Instead, Williams continues, his counsel disputed the seventy-four month sentence applying the plainly unreasonable standard of review. See id.[4] Defendant argues that his counsel's failure to apply the "appropriate" standard of review robbed

---

[3] Williams argues that the district court committed both procedural and substantive errors, when it purportedly abused its discretion in deviating upward from the forty-eight month sentencing range to seventy-four months. See Record Document 92-1 at 3, 5-6. In objecting to reasonableness of his sentence, Williams claims that the Court disregarded his efforts in drug treatment program, as well as his innocence of imposed crimes. See id. at 6. Although this Court is mindful of Defendant's arguments referencing the relevant case law when challenging the validity of the seventy-four month sentence, the undersigned will refrain from addressing this issue at this juncture because it has been foreclosed on appeal. See Record Document 88 at 5.

[4] Williams also references a plain error standard of review; however, it is not clear whether he is also arguing that his attorney should have applied the standard on appeal as well. See id. at 4.

3

him of a fair and just hearing before the Court of Appeals. See Record Documents 92 at 2, 4; 92-1 at 4 and 8. Contrary to Williams's allegations, the Government maintains that Marak used the appropriate standard of review, correctly arguing that probation revocation sentences are reviewed under the plainly unreasonable standard. See Record Document 97 at 7. The Government further posits that Williams's argument objecting to the reasonableness of the seventy-four month sentence as a result of the district court's alleged abuse of power lacks merit because it has been rejected by the Fifth Circuit. See id.

After a careful review of the record, the Court rejects Williams's argument. When determining whether counsel's performance was deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689, 104 S. Ct. at 674. "[T]he defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. If a tactical decision is "conscious and informed," it "cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Crane v. Johnson, 178 F.3d 309, 314 (5th Cir. 1999) (quoting Garland v. Maggio, 717 F.2d 199, 206 (5th Cir. 1983)). Here, the appropriate standard of review for revocation of probation is the plainly unreasonable standard. See United States v. Kippers, 685 F.3d 491 (5th Cir. 2012); see also United States v. Miller, 634 F.3d 841, 842 (5th Cir. 2011). Under the plainly unreasonable standard, the court of appeals evaluates whether the district court procedurally erred before it considers "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." United States v. Brantley, 537 F.3d 347, 349 (5th Cir.2008). If a sentence is unreasonable, then the appellate court considers "whether the error was obvious under existing law." United States v. Dunigan, 555 F.3d 501, 506 (5th Cir.2009). The

record reveals that Marak applied the appropriate standard to challenge the resentencing following the probation revocation proceeding.[5] See Record Document 97-1 at 16-17; see also Record Document 88. In applying the plainly unreasonable standard of review as prescribed in Kippers, counsel specifically inquired that the Court of Appeals consider substantive reasonableness of the seventy-four month sentence under the abuse of discretion standard, hence, rendering Williams's argument meritless.[6] See Record Document 97-1 at 8, 16-17.

## CONCLUSION

For the reasons elucidated above,

**IT IS ORDERED** that the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 USC § 2255(f)(3) is hereby **DENIED.**

A certificate of appealability is **DENIED** because Defendant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of April, 2024.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

---

[5] The appellate brief prepared by Marak explicitly indicates that she applied the plainly reasonable standard of review when presenting the issue of resentencing before the Court of Appeals. See Record Document 97-1.

[6] Assuming Williams implied in his motion that his counsel should have used the plain error standard of review, his claim would be futile as the standard does not apply here. See supra. An attorney cannot be found ineffective for failing to raise a meritless objection. See Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir.1995). Williams cannot show deficient performance or prejudice resulting from his counsel's failure to raise Defendant's arguments under plain error review standard because any such arguments clearly would have failed here.